ALBA TRADING Co., INC., Plaintiff, *v.* GEORGE CONSTANTS et al., Defendants.

Supreme Court, Special Term, New York County, November 15, 1943.

*Samuel Shapiro* for defendants.

*Frank S. DuBeshter* for plaintiff.

PECORA, J. This motion is to dismiss the first and second causes of action of the amended complaint. Both causes of action are essentially the same, the only difference being the amount of overcharge sued for. Plaintiff alleges that it is a domestic corporation engaged in the business of manufacturing and selling a certain product and that it required quantities of an edible corn oil for use in the manufacture of that product. Because of the war, such oil was scarce and plaintiff negotiated with defendants for the purchase of same at a price of 16½ cents per pound, the same being the maximum selling price under the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) as fixed by a price schedule duly promulgated by the Office of Price Administration. It is further alleged that thereafter defendants rescinded the agreement and offered to sell said oil at 20 cents per pound, which was 3½ cents in excess of the maximum selling price. Unwilling to pay in excess of the maximum price, the plaintiff reported the facts to the Office of Price Administration, which office instructed plaintiff to consummate the deal in accordance with the demands of the defendants and to turn such evidence over to it. Thereupon plaintiff made the purchase for such excess price. Plaintiff transmitted the evidence pertaining to the violations committed by defendants to the Office of Price Administration. The court is advised that defendants subsequently admitted the commission of these violations, were fined $10,000 and enjoined from dealing in the sale and distribution of oil for the duration of the war. The question raised here is whether the plaintiff, a purchaser in the ordinary course of trade, which with O. P. A. consent entered into agreements for the purchase of oils at over-the-ceiling prices, may recover that part of the purchase price in excess of the established ceiling price. The problem is a novel one. Neither side has been able to furnish any decisions as a guide to the court's determination.

The Emergency Price Control Act of 1942 makes provision for aid in enforcing the Act. Subdivision (a) of section 205 (U. S. Code, tit. 50, Appendix, § 925) gives the Administrator the right to apply for an injunction. Criminal prosecutions are provided for in subdivisions (b) and (c) of section 205. Under subdivision (e) it is provided that a consumer purchaser, that is, one who buys an article for use and consumption other than in the course of trade or business, at a rate above that established as a ceiling price, may bring an action either for $50 or treble the amount by which the purchase price exceeds the

established ceiling price. It is then provided: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States."

The language of this latter part of subdivision (e) is not free from ambiguity. It is not clear whether the Administrator is required to bring the action in all cases other than those where consumer purchasers are involved, or in such cases where, because of peculiarities in State practices, the consumer cannot bring the action. If the former is the correct interpretation then plaintiff is not the proper party to bring the action since the remedy provided by a statute which creates the right is exclusive.

The Act further provides in subdivision (d): " * * * In any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action ".

Because the question raised here is a novel one, the determination of which will affect the Administrator and future actions under the Act, the court will certify to the Administrator the existence of this suit so that he may intervene in this action.

The disposition of the motion to dismiss will therefore be held in abeyance pending certification to the Administrator and his intervention in this suit. The cross motion to serve a supplemental complaint will be granted and the complaint will be deemed amended to the extent of adding thereto the allegations contained in paragraphs 17A, 17B and 25A of the proposed supplemental complaint.